# FREEMAN, NOOTER & GINSBERG
## ATTORNEYS AT LAW

LOUIS M. FREEMAN
THOMAS H. NOOTER*
LEE A. GINSBERG

CHARLENE RAMOS
OFFICE MANAGER

*NY AND CALIF. BARS

THE UNDERWOOD BUILDING
30 VESEY STREET, SUITE 100
NEW YORK, N.Y. 10007

(212) 608-0808
TELECOPIER (212) 962-9696
E-MAIL: FNGLAW@AOL.COM

March 10, 2008

VIA FACSIMILE (212 805 7912)
AND ECF

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 12B
New York, New York 10007

**Re: United States v. Perez**
**O7 Cr. 782 (JGK)**

Dear Judge Koeltl:

This letter and its attachments are submitted to aid the court in sentencing Mr. Ivan Perez. We respectfully request a sentence at the low end of his advisory guideline range of 46 to 57 months.

### Attachments

The attachment consists of letters from Mr. Perez' mother, Luz Rodriguez; his brother, Edwin Perez; his fiancée, Veronica Quinones; and, his friend, Pedro Sierra. Also attached is a copy of his GED which he completed in September 2001.

These letters provide some insight into Mr. Perez and the effect he has on the lives of those closest to him. As you can see from these letters, Mr. Perez has the love and support of his family and friends; he has a family to return home to and children who need their father; and he has a job waiting for him when he gets home (his brother is willing to get him a job within his maintenance company). Mr. Perez will undoubtedly need all of this support when he gets out of prison. These letters clearly illustrate that he has a good support network to assist him in rebuilding his life when he is released and that his family will be there to help him every step of the way.

### Offense Conduct

Mr. Perez pled guilty pursuant to a plea agreement which stipulated to the following advisory guideline analysis:

1) The base offense level is 24 because the conspiracy involved 80 to 100 grams of heroin;
2) Three levels are deducted because Mr. Perez plead guilty in a timely manner;
3) He has five criminal history points and is in a criminal history category of III;
4) At a resulting level 21 and a CHC of III, the advisory guideline range is 46 to 57 months.
5) The plea agreement specifically stipulates that the advisory guideline range is "reasonable" and that neither party can request any guideline departures or a sentence outside of the stipulated range.

The presentence report contains the same guideline analysis and advisory sentence range. The factual summary in the PSR provides an accurate description of Mr. Perez' involvement and arrest, and his personal background and family history. Accordingly, we have no objections to the information contained therein.

The PSR addendum that was issued by the probation department on March 7, 2008, contains a sentence recommendation of 46 months. We agree with the probation department's recommendation and request that Mr. Perez be sentenced to the low end of his advisory guidelines range.

### Mr. Perez' Participation

Mr. Perez became involved in the instant matter when he was approached by his fiancée's brother for help in obtaining narcotics for someone that the brother knew. Mr. Perez was initially reluctant to assist and he tried to discourage his fiancée's brother. However, the brother persisted in asking Mr. Perez and eventually Mr. Perez capitulated. Mr. Perez was not the "mastermind" behind this conspiracy and in fact he thought that he was doing a "favor" (albeit an illegal one) for his fiancée's brother. While Mr. Perez undoubtedly engaged in the conduct involved, he did so only because the request came from someone who was "family" to him. Notably the fiancée's brother is the "unidentified individual" who ultimately introduced the "cooperating witness" to Mr. Perez. See PSR ¶8.

### Sentencing Considerations

Mr. Perez is a twenty eight year old, unmarried father of two. He has one biological daughter, Jaylene who is 4 years old, and one "step-son", Anthony who is eight years old (Mr. Perez has raised him since he was three). He has been involved with Veronica Quinones for the last five years, and while they are not yet married, they planned to do so in the future. Ms. Quinones has been struggling to take care of their children on her own.

Mr. Perez grew up in Bronx, New York, where he was reared in a two parent home. While he was lucky enough to have both parents in his life as he was growing up, their relationship was volatile and they often fought in front of their children. This volatility was due to the fact that Mr. Perez' his father was a severe alcoholic and substance abuser. While Mr.

Perez' father died as a result of complications related to diabetes, his diabetes was a direct result of his alcohol abuse – which he continued until his death.

Sadly, these are traits that Mr. Perez inherited and has struggled with for the last several years. Even though Mr. Perez has received drug treatment in the past, he was unwilling to fully commit himself to the process because he was living in denial about the extent of his problems. Unfortunately, as with many children of alcoholics and addicts, Mr. Perez did not believe that he was an addict or alcoholic because his problem was not as "bad" as his father's had been. As a result of his denial, his attitude was not receptive to the real benefits of treatment.

In the time since he was arrested, Mr. Perez has given careful consideration to the extent of his drinking and drug use, and while it may not have been as "bad" as his father abuse, Mr. Perez realizes that it is a serious problem that will be with him for the rest of his life and for which he will need professional help if he is to conquer it. Mr. Perez is now desperate to receive that help because he knows that his life depends on conquering his addiction. Accordingly, it is requested that Your Honor recommend that Mr. Perez be placed in the Bureau of Prisons drug treatment program.

Mr. Perez knows that what he did was wrong and he is fully cognizant of the fact that his behavior has harmed his entire family. He is aware that his children are particularly devastated by his absence and fearful of his safety in jail; he knows that it has been a struggle for his fiancée to survive as a single mother without him, and he knows his mother needs his love and comfort from her sons. Mr. Perez is fully determined to learn from his wrongful actions and he is resolved to never repeat them again. As with most individuals, before he was arrested Mr. Perez viewed his actions against only the consequences that he would suffer. However, now that he is in jail as a result of his behavior, he realizes that while he may have to serve his punishment in jail his loved ones are being punished as well – in ways that can be more damaging to them than jail is to him.

Mr. Perez has accepted fully responsibility for his wrongful actions and he aspires to change his behavior for the better. A sentence at the low end of his advisory guidelines range will provide ample punishment for and reflect the seriousness of his actions, while also affording him the ability to re-enter society at an age where he can still take his life in a positive direction.

Accordingly, we respectfully request a sentence at the bottom of his advisory guidelines range.

Respectfully submitted by:

Lee Ginsberg /by JCMoore

Lee A. Ginsberg

cc: AUSA Todd Blanche (212 637 2390)